UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL ELDON KENNEMORE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:24-cv-468 CDP |
| DONNA ANDERSON, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Daniel Kennemore brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Because this motion does not comply with the Local Rules of this Court or the federal statute under which it may be granted, the Court will deny the motion and direct Plaintiff to file a complete motion or pay the full filing fee. The Court warns Plaintiff that his failure to comply with this Order will result in dismissal of this action.

Under the Local Rules of this Court: "An application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court." E.D. Mo. L.R. 2.05(A). Additionally, the federal statute governing *in forma pauperis* actions, 28 U.S.C. § 1915, requires the applicant to submit "an affidavit that includes a statement of all assets such [person] possesses." 28 U.S.C. § 1915(a)(1).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). *In forma pauperis* status is a matter of privilege, not of right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). To enjoy the statute's benefits,

a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).

In this case, the Court cannot assess whether Plaintiff should be granted *in forma pauperis* status because he has not answered any of the financial questions on the form motion. *See* ECF No. 2 at 1-2. In fact, the only question that Plaintiff answered on the form was the name of his place of incarceration.[1] *Id.* at 1. Without any current financial information provided, the Court cannot determine whether Plaintiff should be granted *in forma pauperis* status and have the filing fee waived in this matter. As such, Plaintiff's motion will be denied. If Plaintiff wishes to proceed in this action, he must either file a new motion with complete answers, or he may pay the full $405 filing fee for this case.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed without Prepaying Fees and Costs [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to send Plaintiff a blank 'Application to Proceed in District Court without Prepaying Fees or Costs' form.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the full $405 filing fee or submit a completed Application in accordance with the instructions set forth herein, within **thirty (30) days** of the date of this Order.

---

[1] In addition, after his signature at the end of the motion, Plaintiff wrote: "See Nunc Pro Tunc Order." ECF No. 2 at 2. The Court believes this is a reference to an Order that issued in one of Plaintiff's prior cases in this Court. *See Kennemore v. State of Mo.*, No. 4:23-cv-796-NCC, ECF No. 29 (E.D. Mo.) (order issued Dec. 29, 2023). In that Order, the Court returned Plaintiff's partial filing fee payment and waived the payment of the full filing fee because Plaintiff is not a "prisoner" but a civilly committed person. However, in that case, the Court had already granted Plaintiff *in forma pauperis* status when it clarified that no filing fee was due.

**IT IS FURTHER ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice from the Court.

Dated this 18th day of June, 2024.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE