**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| DANIEL ELDON KENNEMORE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:24-cv-468 CDP |
| | ) |
| DONNA ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Self-represented Plaintiff Daniel Kennemore brings this civil rights action under 42 U.S.C. § 1983. On June 18, 2024, the Court denied Plaintiff's motion for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs, because the financial information provided in the motion was incomplete. ECF No. 5. The Court directed Plaintiff to either file a new, complete motion, or pay the full filing fee. *Id.* On June 28, 2024, Plaintiff filed a "motion to wave the inmate-account procedure of 28 U.S.C. § 1915" and a few days later, he filed a new motion for leave to proceed *in forma pauperis*. ECF Nos. 6-7.

The Court construes Plaintiff's motion to wave procedure as a request to avoid the requirements of 28 U.S.C. § 1915 which directs that a person not paying the full filing fee, apply for *in forma pauperis* status and subject their complaint to review under 28 U.S.C. § 1915(e)(2)(B). As discussed below, Plaintiff's motion to wave procedure will be denied. However, having reviewed the financial information submitted in support of Plaintiff's motion to proceed *in forma pauperis*, the Court will grant that motion and waive the filing fee in this matter. *See* 28 U.S.C. § 1915(a)(1).

As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for frivolity. *See* 28 U.S.C. § 1915(e)(2)(B). Plaintiff's other pending motions will be denied as moot.

I.   **Plaintiff's Background**

The following information is drawn from the instant complaint, Plaintiff's prior federal cases, and an independent review of Plaintiff's state court proceedings on Missouri Case.net, the State of Missouri's online docketing system. On August 7, 1995, in Missouri state court, Plaintiff was convicted on three counts of sodomy and sentenced to three concurrent ten-year terms of imprisonment with the Missouri Department of Corrections (MDOC). *State of Missouri v. Kennemore*, No. 11R019300463-01 (11th Jud. Cir., 1993). As the end of his incarceration period with MDOC approached, Plaintiff was evaluated and recommended as meeting the sexually violent predator (SVP) criteria. Subsequently, the State of Missouri sought to commit Plaintiff as an SVP. *In the Matter of the Care and Treatment of Daniel Kennemore*, No. 03PR124286 (11th Jud. Cir., 2003). After a medical evaluation, the state court committed Plaintiff on April 4, 2005. Plaintiff filed an appeal to the Missouri Court of Appeals, but voluntarily dismissed the appeal on March 3, 2006. *In the Matter of Daniel Kennemore*, No. ED86696 (Mo. Ct. App., 2006).

Each year since his commitment, the Missouri Department of Mental Health submits to the Clerk of the Probate Division, St. Charles County, an annual report on Plaintiff's mental condition. *See In re: Daniel E. Kennemore*, No. 03PR124286. All these reports – including the most recent report dated May 2024 – have recommended the continued commitment of Plaintiff to the Missouri Department of Mental Health, undergoing Sexual Offender Rehabilitation Treatment Services (SORTS). Many of these reports have a notice attached that informs Plaintiff of his right to petition the state court for release, over the objection of the Department of Mental Health Director, under

2

Missouri Revised Statute § 632.498.  It appears that every year since his commitment, Plaintiff has exercised his right to petition for discharge.  All his petitions have been denied.  As of the date of this Order, Plaintiff is committed to the Southeast Missouri Mental Health Center in Farmington, Missouri, and SORTS.

Plaintiff is a frequent litigator in this Court.  He has filed six petitions for writ of habeas corpus since his civil commitment.[1]  One of these cases was just recently filed and it is still pending.  Otherwise, all the petitions have been unsuccessful.  Since 2000, Plaintiff has also filed approximately thirteen civil actions pursuant to 42 U.S.C. § 1983 in this Court, not including this case.[2]  Two of these recently filed actions are still pending, but otherwise all these actions were either dismissed under 28 U.S.C. § 1915(e) or due to Plaintiff's motion for voluntary dismissal.

Recently, Plaintiff filed correspondence with the state court informing the court of his pending federal cases in this Court.  In that correspondence, he states his willingness "to negotiate

---

[1] *See Kennemore v. Blake*, No. 4:06-cv-1016-CEJ (E.D. Mo. filed July 5, 2006) (dismissed Aug. 29, 2006 under Fed. R. Civ. P. 41(b)); *Kennemore v. Blake*, No. 4:08-cv-173-DJS (E.D. Mo. filed Feb. 4, 2008) (dismissed Feb. 24, 2009 because Plaintiff was no longer in custody for the conviction he was challenging); *Kennemore v. Lawson*, No. 4:19-cv-1394-HEA (E.D. Mo. filed May 16, 2019) (dismissed June 11, 2019 for failure to exhaust state remedies); *Kennemore v. Hacker*, No. 4:21-cv-231-SRW (E.D. Mo. filed Feb. 23, 2021) (dismissed Sept. 28, 2021 as time-barred); *Kennemore v. Hacker*, No. 4:23-cv-951-ACL (E.D. Mo. filed July 28, 2023) (dismissed Aug. 2, 2023 for failure to exhaust state remedies); and *Kennemore v. Anderson*, No. 4:24-cv-465-RWS (E.D. Mo. filed Mar. 26, 2024) (still pending).

[2] *See Kennemore v. Wilbun*, No. 4:00-cv-812-CEJ (E.D. Mo. filed May 15, 2000) (dismissed Sept. 26, 2000 as frivolous under 28 U.S.C. § 1915(e)); *Kennemore v. Bush*, No. 4:04-cv-1506-CAS (E.D. Mo. filed Nov. 1, 2004) (dismissed Dec. 30, 2004 as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)); *Kennemore v. Bush*, No. 4:05-cv-381-CAS (E.D. Mo. filed Mar. 7, 2005) (dismissed June 6, 2005 as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)); *Kennemore v. Bush*, No. 4:06-cv-173-FRB (E.D. Mo. filed Feb. 6, 2006) (dismissed Apr. 12, 2006 as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)); *Kennemore v. Blake*, No. 4:07-cv-278-RWS (E.D. Mo. filed Feb. 7, 2007) (dismissed Apr. 12, 2007 as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)); *Kennemore v. Engelhart*, No. 4:07-cv-555-HEA (E.D. Mo. filed Mar. 21, 2007) (dismissed Mar. 26, 2008 due to Plaintiff's voluntary dismissal); *Kennemore v. Blake*, No. 4:07-cv-2028-ERW (E.D. Mo. filed Dec. 6, 2007) (dismissed Jan. 8, 2008 as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)); *Kennemore v. Engelhart*, No. 4:16-cv-164-CEJ (E.D. Mo. filed Feb. 8, 2016) (dismissed Feb. 26, 2016 due to Plaintiff's voluntary dismissal); *Kennemore v. State of Mo. Dep't of Mental Health*, No. 4:22-cv-180-PLC (E.D. Mo. filed Feb. 14, 2022) (dismissed Apr. 26, 2022 under 28 U.S.C. § 1915(e)); *Kennemore v. Huhn*, No. 4:22-cv-805-RLW (E.D. Mo. filed Aug. 2, 2022) (dismissed Feb. 6, 2023 for failure to state a claim under 28 U.S.C. § 1915(e)); *Kennemore v. State of Mo.*, No. 4:23-cv-796-NCC (E.D. Mo. filed June 21, 2023) (dismissed Oct. 4, 2023 as frivolous); *Kennemore v. Anderson*, No. 4:24-cv-188-SRC (E.D. Mo. filed Feb. 2, 2024) (still pending); and *Kennemore v. State of Mo.*, No. 4:24-cv-467-SEP (E.D. Mo. filed Mar. 26, 2024) (still pending).

a fair settlement with [his] release" and explains that "[s]ince the state continues to cover-up [his] unlawful and illegal imprisonment by trying to silence [him] by Force Medicating," he has "no choice but to take [his] case and evidence to the public." *In re: Daniel E. Kennemore*, No. 03PR124286, *Correspondence* dated July 1, 2024.

**II.     Motions to Wave the Inmate-Account Procedure of 28 U.S.C. § 1915 and for Leave to Proceed** *in Forma Pauperis*

Plaintiff has filed both a "motion to wave the inmate-account procedure of 28 U.S.C. § 1915" and a new motion to proceed *in forma pauperis*. ECF Nos. 6-7. In his motion to wave procedure, Plaintiff states that he is a "mental patient and NOT A PRISONER" and as such, 28 U.S.C. § 1915 does not apply to him. ECF No. 6 at 1 (emphasis in original). In support of this argument, Plaintiff refers the Court to "*Perkins v. Hendricks* – 250 F.3d 582, 583 (8th Circuit 2003)." *Id.* The Court presumes that Plaintiff is referring to *Perkins v. Hedricks*, 340 F.3d 582 (8th Cir. 2003), in which the Eighth Circuit Court of Appeals held that a federal medical center detainee does not have to meet the Prison Litigation Reform Act (PLRA) exhaustion requirements of 42 U.S.C § 1997e(a) because such person is "civilly committed and is thus not a prisoner within the meaning of the PLRA." 340 F.3d at 583. In concluding that matter, the Eighth Circuit granted *in forma pauperis* status to the civilly committed plaintiff but noted that the "inmate-account procedures of 28 U.S.C. § 1915 do not apply." *Id.*

The federal statute which provides the guidelines for proceedings *in forma pauperis*, or without prepayment of fees and costs, is 28 U.S.C. § 1915. There are some inmate-account procedures of § 1915 which only apply to prisoners. For example, under 28 U.S.C. § 1915(a)(2), prisoners seeking *in forma pauperis* status must "submit a certified copy of the trust fund account statement" along with their financial affidavit. Also, under 28 U.S.C. § 1915(b), a prisoner who

4

is granted *in forma pauperis* status is still "required to pay the full amount of a filing fee" in the form of partial payments over time.

However, not all the provisions of 28 U.S.C. § 1915 apply exclusively to prisoners.  Any "person" who seeks to proceed without prepayment of fees and costs in a lawsuit must file a motion requesting to proceed *in forma pauperis* with "an affidavit that includes a statement of all assets," demonstrating that the "person is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  This is a requirement for all people seeking *in forma pauperis* status, not just prisoners.  This distinction is demonstrated on the Court's form 'Application to Proceed in District Court without Prepaying Fees or Costs' where the form provides for different responses depending on whether the filer is "incarcerated" or "not incarcerated."  *See* ECF No. 7 at 1.

On June 18, 2024, the Court denied Plaintiff's motion to proceed *in forma pauperis* because it did not comply with the Local Rules of this Court or the federal statute under which it could be granted, 28 U.S.C. § 1915.  ECF No. 5.  Specifically, the Court found that Plaintiff failed to include any financial information on his motion, and thus, failed to file the financial "affidavit" as required under 28 U.S.C. § 1915(a)(1).  *Id.* at 2.  The Court directed Plaintiff to file a new, complete motion or pay the full filing fee, within thirty (30) days.  *Id.*

Plaintiff's motion to wave procedure seems to be requesting permission to skip the application process of 28 U.S.C. § 1915 altogether, because he is not a prisoner.  His motion concludes with the request: "Please wave procedure as Plaintiff is not a prisoner subject to 28 U.S.C. § 1915."  ECF No. 6 at 1.  The Court construes Plaintiff's motion as seeking to avoid applying for *in forma pauperis* status at all.  However, unless Plaintiff is going to pay the full filing fee, this is not allowed under the Local Rules of the Court.  *See* E.D. Mo. Local Rule 2.01(B)(1) ("The Clerk my refuse to receive any pleading or document in any case until the applicable

5

statutory fee is paid, except in cases accompanied by a completed application to proceed *in forma pauperis*"). Just like in *Perkins*, where the Court granted the civilly committed Plaintiff's motion to proceed *in forma pauperis*, this Court must decide whether Plaintiff can proceed without prepayment of fees and costs before the case can proceed.

Since Plaintiff has now filed a complete motion to proceed *in forma pauperis* (ECF No. 7), and the financial information provided on the motion indicates that he cannot pay the full filing fee, his motion to proceed without prepayment will be granted and the filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). Plaintiff, as a non-prisoner litigant with permission to proceed *in forma pauperis*, will not be required to pay the full filing fee in partial payments over time, like a prisoner does. However, his pleadings are subject to initial review under 28 U.S.C. § 1915.

### III.  Initial Review under 28 U.S.C. § 1915(e)

#### a. The Complaint and Supplemental

Plaintiff brings this § 1983 action against the CEO of SORTS, Donna Anderson; a SORTS doctor, Stacey Neff; and "All State Physicians who are Listed as Witches in the Library Occult/Witchcraft books." ECF No. 1 at 1-3. Plaintiff's Statement of Claim, in his own words, is as follows:

> Both Donna Anderson and Stacey Neff were being sued by me in civil cases 4:23-cv-796 NCC and in civil case 4:23-cv-951 ACL and they interfered and obstructed my cases by having me force medicated, hindering my physically and mentally knowing that I was not a threat to myself or others as required by law to force medicate me and knowing that forcing drugs/pharmakeia[3] in me was against my religious beliefs as they were trying to stop my free speech for exposing the Freemasons, Jews, and Physicians as being witches found in the Library Occult books who framed me with a curse and who All 3 run our state and federal legal system.

*Id.* at 3.

---

[3] Plaintiff "translate[s]" the word "PHARMAKEIA" to mean "SORCERY." ECF No. 4 at 2.

6

Plaintiff alleges injuries of "diabetes from being force medicated." *Id.* at 4. He seeks release from commitment, that his record be expunged, and 500 million dollars in damages. *Id.* at 5. According to Plaintiff, "[b]oth defendants know that I am innocent and was framed by the Government witches[,] the Freemasons, Jews, and Physicians over 31 years ago and are using their positions to silence me and to cover up for the Government framing me." *Id.* at 5.

Plaintiff attached 111 pages of exhibits[4] to his complaint, including letters he wrote to numerous non-parties making similar allegations as the complaint; copies of court filings from other matters; SORTS documents regarding Involuntary Medication Hearings, Team Requests, grievance filings, and non-urgent medical care requests; and copies of religious articles. ECF No. 1-1 at 1-34, 65-11. In addition, Plaintiff included portions of his book titled "Is the God You Trust and Serve Osiris or Yahweh?" which he has filed in numerous other cases and appears to be a personal religious manifesto. *Id.* at 35-64.

On July 15, 2024, Plaintiff filed a supplement which includes a statement on a "Vision" he saw in 1998, religious citations, more pages of his manifesto, and mailing receipts. ECF No. 9.

**b. Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520

---

[4] In assessing whether a complaint sufficiently states a valid claim for relief, courts may consider materials that are attached to the complaint as exhibits. *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011) (citations omitted); Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

7

(1972).  A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework.  *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).  However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law.  *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."  *Id.* at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* at 678.  Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.  *Id.* at 679.

An action is frivolous if it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action as factually frivolous if the facts alleged are found to be "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (quoting *Neitzke,* 490 U.S. at 327).  Allegations are "clearly baseless" if they are "fanciful," "fantastic," or "delusional."  *Id.* (quoting *Neitzke*, 490 U.S. at 325, 327, 328).  "As those words suggest, a finding of factual frivolousness is appropriate when the

8

facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33.

### c. Discussion

As Plaintiff admits in his pleadings, this is only one of many cases he has filed alleging that SORTS staff are using witchcraft and sorcery on him in the form of involuntary medication. *See* ECF No. 1-2 at 1 (Plaintiff's Original Filing Form submitted in this matter, states that this cause is "similar" to his 2023 case of "4:23-cv-796 NCC"). In a case Plaintiff filed in 2023, he also alleged that he had been framed with sex offenses; that Freemasons, Jews, and Physicians are witches revealed to him in a library Occult/Witchcraft book; and that he was being force medicated by witches. *Kennemore v. State of Mo.*, No. 4:23-cv-796-NCC, ECF No. 24 (E.D. Mo. filed June 21, 2023) (dismissed Oct. 4, 2023, as frivolous). Similarly, in a 2022 case filed by Plaintiff, he alleged a due process violation based on the Freemasons, Jews, and Physicians practicing witchcraft on him, and SORTS staff force medicating him so he wouldn't reveal this truth. *Kennemore v. Huhn*, No. 4:22-cv-805-RLW, ECF No. 13 (E.D. Mo. filed Aug. 2, 2022) (dismissed Feb. 6, 2023, for failure to state a claim). Like his prior cases with these same or similar allegations, this case will be dismissed.

Based on a careful review and liberal construction of Plaintiff's pleadings, the Court finds that the allegations are frivolous. Plaintiff asserts that defendants force medicated him to stop him from exposing the fact that three witches – who run the state and federal legal system – framed him of crimes and put a curse on him. These beliefs are fanciful, fantastic, and delusional. *See Denton*, 504 U.S. at 32-33. The alleged facts of the complaint rise to the level of the irrational or wholly incredible. *Id.* at 33. Because this action is founded on clearly baseless allegations, it is subject to summary dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) as factually frivolous. *See also*

9

*Martinez v. Turner*, 977 F.2d 421, 423 (8th Cir. 1992) (finding a 28 U.S.C. § 1915 dismissal as frivolous appropriate where the complaint lacks an arguable basis in law or fact); *Robinson v. Love*, 155 F.R.D. 535 (E.D. Pa. 1994) (dismissing § 1983 claim as frivolous where plaintiff alleged that, among other things, prison staff members were subjecting him to witchcraft).

### IV.    Motions to Amend and for Appointment of Counsel

Plaintiff has filed two additional motions in this case: a motion to amend and a motion for the appointment of counsel. ECF Nos. 3-4. Plaintiff's motion to amend was simultaneously filed in three of his pending cases. ECF No. 4 at 1. He seeks to add an attached "memorandum for RECORD" to the cases. *Id.* The Memorandum includes Plaintiff's statement read to SORTS Hearing Staff on March 25, 2024, in which Plaintiff restates his belief that Witches "have founded and run the State and Federal Court Legal System …[and] have established a Human Sex Trafficking System by their SORCERY for Financial Profit in which they use WITCHCRAFT to frame innocent persons with Sex Offenses and then lock them up in their Prisons and Mental Hospitals under the pretense of 'Treating them Mentally,' and the Public is totally DECEIVED by these 3 WITCHES and their SORCERY For Profit Scam." *Id.* at 2.

Both of Plaintiff's motions will be denied as moot. It would be futile to grant Plaintiff's motion to amend because it adds nothing new to his pleadings and does not change the Court's finding to dismiss this case for frivolity. *See Baptist Health v. Smith*, 477 F.3d 540, 544 (8th Cir. 2007) (stating that "there is no absolute right to amend" and that a court may deny a motion to amend for multiple reasons including a finding of futility) (internal citation omitted); *Holloway v. Dobbs*, 715 F.2d 390, 392 (8th Cir. 1983) (finding district court justified in denying plaintiff leave to amend because the "complaint, as amended, could not withstand a motion to dismiss."). In

10

addition, because this case is being dismissed, the motion for appointment of counsel will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 7] is **GRANTED** and the filing fee is waived.  *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint is frivolous.  Plaintiff's claims against all defendants are **DISMISSED** without prejudice.  *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY ORDERED** that Plaintiff's motion to wave the inmate-account procedure [ECF No. 6] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend [ECF No. 4] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 25th day of July, 2024.

                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE